HARSISON *vs* MARSHALL, for use, &c.

1. Where one, beneficially interested in a cause, from ignorance
of the law, surrenders his rights, he cannot hold the opposite
party to a knowledge of the law, and charge him for the loss
occasioned by his own indiscretion.

2. Therefore, where a constable levied on and sold property, al-
ready bound by executions in the hands of the sheriff, and
paid over the money to the plaintiffs in the executions in the
sheriff's hands, and the plaintiffs afterwards paid the same
back to the constable, under advice that his levy and sale had
divested the executions in the sheriff's hands of their lien—
it was held, that the plaintiffs could not afterwards charge
the sheriff with negligence, although he also was advised
that the proceedings of the constable had divested the exe-
cutions in his hands of their lien, and had acted under that
advice.

3. The lien of executions, in the hands of the sheriff, is not di-
vested by a subsequent levy and sale, by a constable, of de-
fendant's effects, notwithstanding the act of eighteen hundred
and twenty-eight.*

---

* Aikin's Digest, 166.

4. The transfer of a judgment, carries with it a right to sue out execution, or to bring suit in the name of the original plaintiff; and as any defence existing against plaintiff will be available to defendant, so any right the plaintiff is entitled to, will be available to the assignee. Therefore,—where an assignment of a judgment and execution, was made to a sheriff in the month of June, which had come into his hands in November previous, it was held that the assignment did not extinguish his liability for failing to make the money previous to the transfer.

5. Questions that address themselves to the sound discretion of the Circuit Court, being deductions from facts, and not involving matters of law, cannot be reviewed in this court.

Error from the Circuit court of Dallas.

Action on the case. At the September term of the Circuit court of Dallas county, the plaintiff, who sued for the use of Peter Wyckoff, Joseph Pickens and Hugh Ferguson, declared against the defendant, for that, whereas, theretofore, to wit, at the term of the Circuit court, for the county and ˹State aforesaid, which was held on the first Monday in October, eighteen hundred and twenty-nine, at ——————— to wit, in the county aforesaid, the plaintiff, by the consideration and judgment of said court, recovered against James and Elisha Owens, and William Huddleston, their security, in their appeal bonds, ten several judgments, each for the sum of forty-five dollars, debt, and one dollar and sixty-eight cents, damages, for its detention, and six dollars and seventy-five cents, as fifteen per cent. damages, because of the appeals in said ten cases, having been taken for delay ; and also costs of suit, which, in and by said court were adjudged to the said plaintiff—whereof the said James and Elisha Owens, and William Huddleston, their security in the appeals, were convicted, as by the re-

cords, proceedings and judgments thereof, of said ten cases still remaining in the court aforesaid—will more fully appear.

And the said plaintiff further says, that the said judgments being in full force, and the said debts and damages, in the said ten judgments mentioned, remaining unpaid, and unsatisfied, the said plaintiff, on the first day of May, eighteen hundred and twenty-eight, for obtaining satisfaction thereof, sued and prosecuted out of said court, on said ten judgments, certain alias writs, called *fieri facias*, directed to the sheriff of said county, by each of which said alias writs of executions, the said sheriff was commanded that of the goods and chattels, lands and tenements, of the said James and Elisha Owens, and William Huddleston, in said county, he should cause to be made the sum of forty-five dollars, debt, ond one dollar and sixty-eight cents, and six dollars and seventy-five cents, for damages, for the detention of said debt, and for fifteen per cent. damages; and also nine dollars and eighteen and three-fourths cents, for his costs of suit, to him, by said court adjudged, by each of said ten judgments; and that he should have the said several suns of money, before said court, at the term thereof, of the first Monday in October, eighteen hundred and twenty-eight, to render to said plaintiff, &c. Each of which said ten alias writs, afterwards, and before the return thereof at the court, on the fifth day of May, eighteen hundred and twenty-eight, at, to wit, in the county aforesaid, was delivered to and received by said defendant, who then, and from thence, until and at, and after, the return of each of the said ten alias writs, was sheriff of said county, to be executed in due form of law.    And although there were then, and afterwards, and before the return of each of said ten alias writs, divers goods and chattels of the said James and Elisha Owens, and William Huddleston, within the county aforesaid, could, and might,

and ought to have levied the said several sums of money above mentioned in each of said ten alias writs, specified and directed to be levied, as aforesaid, at —————— to wit, in the county aforesaid, whereof the said defendant, so being such sheriff, as aforesaid, had notice there.

Yet the said defendant, so being sheriff of the county aforesaid, not regarding the duty of his office, as such sheriff; but contriving, and wrongfully intending to injure, and prejudice, and aggrieve said plaintiff, in this behalf, and deprive him of the moneys mentioned in each and all said ten alias writs above mentioned, and directed to be levied as aforesaid, and of the means of obtaining the same, did not, nor would at any time, before the return of said ten alias writs, mentioned, levy them, or any of them, or any part of them, but wholly neglected and refused so to do, and therein failed and made default. By means of which, &c.

The second count was precisely similar, except that it charged, that defendant not only failed to levy, and therein made default, but at return term, failed, neglected and wholly refused to return the said ten alias writs, or any of them, to the court aforesaid, to wit, in the county aforesaid. By means whereof, &c.

To this declaration, defendant plead the general issue, and put himself upon the country, &c., and plaintiff did the same.

And at the Fall term, eighteen hundred and thirty-three, came a jury, who being duly elected, &c., on their oaths, said they found for the plaintiff, and assessed his damages at the sum of five hundred and thirty-four dollars and thirty cents. It was, therefore considered by the court, that the plaintiff recover that sum, and his costs, &c.—for which execution might issue, &c.

A motion was then made for a new trial, which being heard, it was considered by the court that a new

trial should be granted, on the payment of all costs, as a condition precedent, &c.

And at Spring term, eighteen hundred and thirty-four, the defendant came, and on the affidavits of defendant, and the deputy clerk, that defendant proposed to pay the costs, during the last term, after a new trial had been granted, and that the clerk could not furnish a bill of the costs, during that court —and that the costs had since been paid in full,—on the motion of defendant, it was considered by the court, that the case was in court, and the cause was continued by the court, until the next term, upon the payment of all costs, by the defendant—for which execution might issue. On application to reinstate the case, by defendant, the plaintiff resisted said application, on the ground, that as the terms on which the new trial, at last term, had not been complied with, the judgment rendered at last term, was final; and that affidavits on file, shewed no sufficient reason why said judgment should be opened, and the cause reinstated; but that the affidavit of James B. Clark and Ezekiel Pickens, disclosed facts which were sufficient to remove all grounds, for the opening of the judgment: and on motion of plaintiff it was directed, that the said affidavits form a part of the record of the case—no other evidence being offered why said judgment should be opened, and the plaintiff asked that the matters and things connected with the application and the adjudication of the court, might be spread upon the record—to which adjudication he excepted —which was granted,

The affidavit of defendant, to reinstate the case, stated, that at the last term a judgment was obtained against him, and on the last day of the term, a new trial was granted; and, being informed of the condition on which the new trial was granted, he immedi ﹕ ately went to the clerk of the court, and demanded a bill of the costs, in order to pay them: that he was

informed by the clerk, that he could not be furnished with it, on account of the press of business, and also, for the reason, that the certificates of some witnesses were not filed, to complete said bill of costs: that he paid the same as early afterwards as the same was presented, previous to the present term—and held the sheriff's receipt for the same.

Horatio Boxley also swore, that the amount of costs was demanded immediately after the order for a new trial, but that the correct amount could not then be ascertained—and therefore, deponent understood it was waived.

The following affidavits were submitted by plaintiff:

James B. Clark swore, that he was present at the last term, and argued the motion made by defendant for a new trial, for plaintiff: that he had not the smallest recollection of any understanding or agreement, that the costs, imposed as a condition for granting the motion for a new trial, might be paid subsequently to that time. Affiant had more than a usual distinctness of recollection of what took place, from the fact of his being counsel for plaintiff. Defendant once told him, that Mr Pickens had agreed that the costs might be paid at Christmas, after court, in which affiant acquiesced, supposing it to be so. Subsequently affiant instructed the clerk not to receive the costs, and execution for the same was issued, without the order of affiant or his client, and does not recollect any thing of the waiver, &c.

Ezekiel Pickens swore, that if he had said or done any thing from which an inference could be drawn, that he consented that the costs might be paid at a future time, it had wholly escaped his memory. No waiver of payment was made by affiant, &c.

And at the fall term, of eighteen hundred and thirty-four, came a jury, who being duly elected, &c. on their oaths said, they found for the defendant. It was

therefore considered that the defendant go thence, &c.

The bill of exceptions stated, that on the trial of the case, it was proved that the executions described in the declaration, came to the hands of defendant about the first of May, eighteen hundred and twenty-eight. It was also proved, that the plaintiff in the executions had, on the eleventh of June, eighteen hundred and twenty-eight, assigned all his interest in the judgment and executions, as manifested by a written transfer, a copy of which is attached as part of the bill; in relation to which assignment it was proved that defendant, to whom the assignment was made, was a mere agent of Wyckoff, Pickens & Co. and obtained the assignment for them, at their request, and with their money, and immediately handed the assignment to them, and that the transaction was the purchase of the interest of plaintiff in the subject. Plaintiff offered evidence to prove that the money could have been made by the defendant on the executions, previous to the eleventh of June, eighteen hundred and twenty-eight, but by the negligence of defendant a constable had, on the twenty-third day of May, eighteen hundred and twenty-eight, levied executions under fifty dollars on all the property of defendants, and sold the same; but the court was of opinion that no evidence could be introduced shewing a negligence previous to the eleventh of June, eighteen hundred and twenty-eight, and excluded the evidence offered.

It was also proved, that original executions in the case described in the declaration, had issued, and came to the hands of the defendant, on the fifteenth of November, eighteen hundred and twenty-seven, and were returned by him, "Not levied." It was also proved that Wyckoff, Pickens & Co. indemnified the constable, if he would pay the money made by him, over to the defendant, to be applied to the executions

which came to his hands on the first day of May, and that he did so pay it over to the defendant, but that afterwards, under the advice that the executions in the hands of defendant, had lost their lien, in consequence of the levy of the constable, in virtue of the executions in his hands, they withdrew the indemnity— the constable having been and then was, ruled for the amount, and the money was paid back to him by the defendant.    It was also proved, that the attorney who appeared to act for Wyckoff, Pickens & Co., gave it as his opinion, that the executions defendant held, had lost their lien, in consequence of the levy by the constable.

The court charged the jury, that the executions in the hands of the defendant had obtained a lien which could not be divested by the levy of the constable, notwithstanding the act of eighteen hundred and twenty-eight, in relation to liens by constables under executions, and that being the case under the facts, they should find for the defendant; to which opinions and charge, plaintiff excepted, &c.

Copy of transfer.—I do hereby assign to Carter B. Harrison, all my right, title, and interest, in certain judgments and executions, by me obtained, against James and Elisha Owens, as principal, and James Huddleston security for them in their appeal bond; which judgments were rendered at the October term of the Circuit court for Dallas county, eighteen hundred and twenty-seven.    And I do acknowledge that I received full value from him for the transfer—said transfer to be without recourse on me.    Given under my hand and seal, this eleventh day of June, eighteen hundred and twenty-eight.    Signed and sealed by plaintiff.

And at this present term the plaintiff in error assigned—

1. That the court erred, as shewn by, and stated in the bill of exceptions, and the executions of record.

2. The court erred, in re-instating the cause for trial, although the condition precedent, on which a new trial was granted to defendant, had not been performed by him.

*J. B. Clark,* for plaintiff in error.

ORMOND, J.—This was an action of trespass on the case, brought by the plaintiff in error against the defendant in error, for negligence in failing, as sheriff, to make money on executions of the plaintiff.

At the term of the court previous to the trial of the first cause, a verdict was had for the plaintiff. The court granted a new trial, on the payment of all costs, as a condition precedent. At the succeeding term of the court, affidavits were filed by both parties; and on motion of the defendant, the court reinstated the cause on the docket.

At a trial of the cause, a bill of exceptions was taken by the plaintiff, from which it appears—That the executions described in the declaration, came to the hands of the defendant, as sheriff, on the first of May, eighteen hundred and twenty-eight: That on the eleventh of June, thereafter, the plaintiff, assigned all his interest in the executions, to the defendant, who was the mere agent of Wyckoff, Pickens & Co. in obtaining the assignment, and immediately handed it over to them, it being on a separate piece of paper: That the transaction was the purchase of the interest of the plaintiff. The plaintiff then offered evidence to prove, that the defendant could have made the money on the executions, previous to the eleventh of June, eighteen hundred and twenty-eight; but that, by his negligence, a constable had levied executions on all the property of the defendant in the executions, and had sold the same. But the court was of opinion, that no evidence could be introduced, shewing negligence previous to the eleventh

6p          10

of June, eighteen hundred and twenty eight, and excluded the evidence. The plaintiff excepted.

It was also proved, that the executions above mentioned, came first to the hands of the defendant, as sheriff, on the fifteenth of November, eighteen hundred and twenty-seven, and were returned by him, "not levied." It was further proved, that Wyckoff, Pickens & Co. indemnified the constable, if he would pay the money made by him over to the defendant; but that afterwards, under advice, that the executions in the hands of the defendant, had lost their lien by the levy of the constable, they withdrew the indemnity and paid him back the money.

It was proved that E. Pickens, an attorney who appeared to act for Wyckoff, Pickens & Co. gave it as his opinion, that the executions he held, had lost their lien, in consequence of the levy by the constable.

The judge charged the jury, that the executions in the hands of the defendant had obtained a lien that could not be divested by the levy of the constable, notwithstanding the act of eighteen hundred and twenty-eight, in relation to liens on executions, in the hands of constables; and that if such were the case, under the facts, they should find for the defendant.— To this the plaintiff excepted. There was a judgment for defendant, from which the plaintiff prosecutes a writ of error to this court, and assigns these matters as error.

This court can not notice the facts stated in the record, relative to the reinstatement of this cause on the docket, in the court below. The court certainly had power to ascertain whether the condition on which the new trial had been granted, had been performed —and if not performed, whether the performance was not waived by the opposite party; or whether he had not done all in his power to perform it. These were all questions which the court had power to settle, which addressed themselves to the sound discretion of

the court, and which being deductions from facts, and not matters of law, can not be reviewed in this court.

The questions raised on the bill of exceptions, are of a graver character. In the first charge of the jury, the court below seems to have considered, that the transfer by the plaintiff, to Wyckoff & Co. of his interest in the executions, extinguished the liability of the defendant, which might have accrued from his neglect, previous to that time. But on what principle this decision can rest for support, this court can not perceive.

The right of action can not be transferred; but certainly a transfer of the judgment, (which is the substance of this transaction,) would carry with it a right to sue out execution, or to bring suit in the name of the original plaintiff; and as any defence, which existed against him, would be available to the defendant—so, any right the plaintiff was entitled to, would be available to the assignee.

It is probable that the opinion of the court was influenced by the fact that the assignment was made to the defendant himself. But the record shews that he was the mere agent of Wyckoff & Co., and if so, he can derive no benefit from that fact. Being the mere agent or attorney, in fact, of Wyckoff, the law of the case is the same, that it would be, if the transaction had taken place between the plaintiff and Wyckoff & Co., without the intervention of the defendant.— This charge of the court was therefore erroneous.

The remaining charge of the court, affirms the proposition, that according to the facts then stated, the lien of the executions in the hands of the defendant, was not divested by the subsequent levy and sale by the constable, and that, therefore, they must find for the defendant. The opinion stated by the court, as to the lien of the executions in the hands of the defendant, is undoubtedly correct; but the conclusion which he draws from it, is as clearly incorrect.

What is the gravamen of the charge in the declaration; it is, that by the neglect of the sheriff to levy and make the money on the executions, the plaintiff has been injured.   How is this answered, by shewing that the plaintiff has a lien on any property which the defendant in execution may possess?

This charge is liable to the farther objection, that it is not a charge on the evidence.   The evidence set out in the bill of exceptions, shews, that Wyckoff & Co., at one time, indemnified the constable, and that therefore, he paid over the money which he had collected, to the discharge of the plaintiff's executions; but that, believing the executions had lost their lien, the indemnity was withdrawn, and the money paid back.

All persons are charged with knowledge of the law, and it could not be tolerated, that the person beneficially interested in a cause, should, from ignorance of the law, surrender his rights, and hold the opposite party to a knowledge of the law, and seek to charge him for a loss, caused by his own indiscretion.

Again: it appears that E. Pickens, who was acting as the attorney of Wyckoff & Co., advised the defendant that the executions had lost their lien.   If Pickens were, in fact, the attorney of Wyckoff & Co., the advice thus given, is, in effect, advice given by Wyckoff & Co., and if calculated to prejudice the defendant, he is entitled to defend himself, by shewing it.

The judgment must be reversed, and the cause remanded, to be tried upon the principles set forth in this opinion.