# Eslava *v.* Farley.

*Supersedeas of Execution on Assigned Judgment.*

1. *Parties to petition for supersedeas; liability of assignee for costs.*—When a petition is filed for the *supersedeas* of an execution, sued out by an assignee in the name of the original plaintiff, the assignee may be made a defendant thereto; and if he comes in voluntarily as a party, and is unsuccessful in resisting the *supersedeas*, costs may be adjudged against him, under the general statute (Code, § 3128), as the unsuccessful party in a civil suit.

2. *What may be assigned as error.*—A party can assign as error only matters which are prejudicial to him: erroneous rulings, prejudicial to others, but not injurious to him, are not available to reverse the judgment.

3. *Sureties for costs, by party resisting supersedeas of execution.*—There is no statute which requires the assignee of a judgment, when resisting the *supersedeas* of an execution sued out by him in the name of his assignor, to give security for the costs if unsuccessful, or which authorizes a summary judgment against sureties given by him voluntarily; yet he can not assign as error such summary judgment against his sureties, since it is not prejudicial to him.

APPEAL from the Circuit Court of Mobile.

The record does not show the name of the presiding judge.

In this case, as the record shows, an action was commenced in said court on the 6th January, 1871, in the name of John C. Wilson, against Mrs. Celestine Eslava; and a judgment by default was rendered against the defendant in said action, on the 16th January, 1872. From this judgment an appeal was sued out by the defendant, returnable to the June term, 1872, of this court, and an appeal bond given, with Charles Farley and F. H. Aubert as sureties; and the judgment was affirmed by this court, at the same term, with damages and costs, against the appellant and her sureties. On this affirmed judgment an execution was sued out on the 10th February, 1873, against Mrs. Eslava and her sureties on the appeal bond, which was levied on certain real estate in the city of Mobile, as the property of Mrs. Eslava; but the levy was released, and the execution so returned, by the order of the plaintiff. On the 17th March, 1880, said judgment was transferred by the plaintiff therein to Jules Eslava, by written assignment in these words: "For value received, I hereby assign, transfer, and set over this judgment, to Jules Eslava,—I not to be liable for any costs." Another execution was issued on said judgment, on the 23d October, 1880, which was levied on property belonging to said Charles

Farley; and he thereupon filed his petition for a *supersedeas* of said execution, alleging the facts above stated; also, that the release of the former levy on the property of Mrs. Eslava was made without his knowledge or consent, that the greater part (if not the whole amount) of the judgment was paid before the assignment to Jules Eslava, and was known by him to be paid when he took the assignment, and that the assignment was without consideration.

On the filing of this petition, an order for a *supersedeas* was granted by the presiding judge of the circuit (Hon. H. T. Toul-min), on the petitioner giving bond as required by law; and the bond was given as required. Thereupon, a petition was filed by said Jules Eslava, the assignee of the judgment, alleging that he was the real and beneficial plaintiff in the judgment, and praying that he be allowed to intervene for his own protection as a defendant to the petition for a *supersedeas;* and he was allowed to intervene and defend, in the name of said Wilson, the plaintiff in the judgment. The record sets out, also, "a bond for costs," executed by said Jules Eslava, with George Eberlein and N. Crane as his sureties, conditioned as follows: "Whereas, Jules Eslava is the transferree of a judgment obtained by John C. Wilson against Charles Farley, surety on the bond of one Mrs. Eslava, and has caused an execution to issue thereon; and whereas, said Farley has petitioned the Circuit Court of said county to supersede said execution; now, if the said J. Eslava shall well and truly pay all costs that accrue against said Eslava or said Wilson, or are adjudged to be paid by them or either of them, by reason of the issue of said execution, or in said cause of said Farley's petition, then this instrument to be void," &c.

The record does not show any order of the court, requiring the execution of this bond, or recognizing it in any way; but, an issue having been formed between said Eslava and Farley, on the averments of the petition for a *supersedeas*, and submitted to a jury, who returned a verdict in favor of the petitioner, the court thereupon rendered a judgment perpetually superseding an execution on the judgment, "and that said Charles Farley have and recover of said Jules Eslava, and of George Eberlein and N. Crane, his sureties, all costs in and about this behalf expended." The appeal is sued out in the names of all the defendants, but errors are assigned by said Eslava alone; the assignments being the rendition of the judgment against him on the verdict, and the summary judgment against Eberlein and Crane as his sureties.

WATTS & SONS, for appellant.

[Cole v. The State.]

BOYLES, FAITH & CLOUD, *contra*.

BRICKELL, C. J.—The assignment of the judgment carried with it a right to the assignee to sue out execution, or to sue thereon in the name of the original plaintiff, and independent of his control.—*Harrison v. Marshall*, 6 Port. 65; *Haden v. Walker*, 5 Ala. 86. The assignee, having these rights, and a complete equitable title to the judgment, of which courts of law take notice, could properly have been made a party defendant to the petition for a *supersedeas* of the execution issuing upon it. Coming in voluntarily, making himself a party, and alone entering into a contest of the petition, in which he was unsuccessful, costs were properly adjudged against him. Within the spirit and meaning of the words of the statute, he was the unsuccessful party in a civil action at law, of whom the successful party is entitled to recover costs.—Code of 1876, § 3128.

The assignee, Eslava, alone assigns error. Parties are permitted to assign only such matters as error, which may be of injury to them. Errors not of injury to them, however injurious to other parties who do not complain of them, are not available for the reversal of a judgment.—1 Brick. Dig. 102, § 284. It was erroneous to render judgment against Crane and Eberlein, the sureties of Eslava, for the costs. There is no statute requiring a suretyship for costs in a case of this kind, and, of course, none which authorizes a summary judgment against the sureties, if given voluntarily.—*Garrett v. Fuller*, 36 Ala. 179. They acquiesce in the judgment, and of it the appellant has no cause of complaint.

Affirmed.