# Nolen v. East.

### *Bill for an Accounting and Cancellation.*

(Decided October 21, 1915.  69 South. 826.)

*Equity; Relief; Accounting.*—Where complainant held a bond for title to land and requested the respondent to advance the unpaid purchase money, which respondent did, taking a conveyance of the land directly to himself, and the respondent claiming to be the owner subsequently attached crops grown on the land for the rent, and was required to account therefor, such respondent was entitled in equity to have deducted from the proceeds of the crop for which he was required to account, the amount of a valid mortgage which he held upon the crops, together with interest thereon.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by R. F. East against I. D. Nolen to declare a deed a mortgage, and for an accounting and cancellation. Decree for complainant and respondent appeals. Decree corrected, and as corrected, affirmed.

RIDDLE, ELLIS & RIDDLE, for appellant.

JAMES W. STROTHER, for appellee.

SOMERVILLE, J.—The equitable right of complainant to maintain his bill of complaint in this cause was affirmed on a former appeal.—*Nolen v. East,* 181 Ala. 226, 61 South. 261.

We agree with the chancellor that the evidence supports the equity of the bill, and the only real questions for review grow out of respondent's exceptions to the register's report on the reference to ascertain the amount due to respondent as reimbursement for the purchase money advanced by him, and to secure which he took a conveyance of the land directly to himself from complainant's unpaid vendor. Our examination of the evi-

dence satisfies us that the findings and accounting of the register, as reported, are correct, except as to the item of $114.51, the proceeds of crops for 1910, sold under such attachment at the suit of respondent for rent. The evidence shows without dispute that respondent held a valid mortgage on complainant's crops grown during 1910, due October 1, 1910, in the sum of $50, and equity requires that this sum, amounting with interest for 3 years and 2 months to $62.66, should be deducted from the proceeds of the crops for that year, thereby reducing complainant's credit, and increasing the amount due to respondent, to that extent.

We have considered the other contentions of respondent, but they are not supported by such a weight of the evidence as to clearly and conclusively impeach the findings of the register.

The final decree of the chancery court will be corrected by requiring complainant to pay to respondent the sum of $538.08, instead of $471.42; and as corrected will be affirmed. The costs of this appeal will be apportioned equally between the parties.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.