(96 South. 195)

## JORDAN v. APPLETON. (7 Div. 381.)

(Supreme Court of Alabama. April 26, 1923.)

1. Detinue &=>17—Plaintiff held entitled to judgment on defendant disclaiming interest and possession.

Where defendant in detinue disclaims interest and possession, plaintiff, under Gen. Acts 1911, p. 33, is entitled to a judgment against defendant for the property; the issue of possession being important under such plea only in so far as it affects plaintiff's right to costs and damages.

2. Appeal and error &=>1070(1)—Finding that defendant in detinue had possession, without evidence as to a portion of the property, harmless.

In an action in detinue, in which the defendant disclaimed having possession of the property, the rendition of a verdict for plaintiff on such issue, without evidence to support the verdict as to a part of the property, held harmless, since the only effect of such verdict was to entitle plaintiff to recover the costs of suit and damages for the detention, under Gen. Acts 1911, p. 33, and plaintiff was entitled thereto if defendant was in possession of only a part of the property.

3. Detinue &=>30—Rendition of conditional judgment on defendant's replevy bond held improper.

In an action in detinue it was not proper for the court on verdict for plaintiff to render a conditional judgment on defendant's replevy bond under Code 1907, § 3783, providing that on sheriff's return that principal on such bond has not delivered the property and paid the damages assessed for the detention thereof, the bond shall have the force and effect of a judgment.

Appeal from Circuit Court, DeKalb County; W. W. Haralson, Judge.

Action by L. C. Jordan, as administrator of the estate of Kate Jordan, deceased, against A. V. Appleton. From a judgment granting defendant's motion for a new trial, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The action is in detinue for the recovery of four chairs, a piano player, and a stool, originally brought by Mrs. K. A. Jordan. Upon her death it was revived in the name of her husband as her administrator. Defendant filed a special plea, alleging that he was not, when this suit was filed, and is not now, in possession of the property, and claimed no right, title, or interest therein; that the piano player and stool were sent to defendant's home, and given and delivered to his infant daughter, about a year previously, and possession was given to her, and she claims to own them in her own right, and they were not delivered to or put in possession of the defendant. During the trial plaintiff moved to strike this plea on the ground that plaintiff had executed a replevin bond covering the property sued for. The record does not show such a bond, but it is referred to in the judgment entry. No ruling on the motion is shown.

Defendant's evidence tended to show a gift of the piano player and stool to his daughter, about 14 years of age, who lived in his home, by Mrs. K. A. Jordan, the original plaintiff, and that it was sent to defendant's home by her, and that defendant never had anything to do with taking it there, nor had any pos-

---

session of or control over it. The evidence was without any tendency to show that defendant had possession of the chairs.

The trial judge refused at defendant's request to instruct the jury "that, unless you are reasonably satisfied from the evidence in this case that the defendant was exercising control over the piano in question at the time this suit was brought, then your verdict should be for the defendant." There was a verdict for plaintiff for all the property sued for, and judgment accordingly.

Defendant moved for a new trial on the grounds of newly discovered evidence, that the verdict was contrary to the evidence, and that there was error in the refusal of instructions requested by defendant. The trial court granted the motion, basing that action on the ground last stated. The appeal is from the judgment granting the motion.

Isbell & Scott, of Ft. Payne, for appellant.

The defendant having disclaimed possession, the plaintiff was entitled to the affirmative charge. Acts 1911, p. 33; Clark v. Boutwell, 16 Ala. App. 626, 80 South. 630.

Baker & Baker, of Ft. Payne, for appellee.

When property belonging to a third person is on the premises of one who asserts no claim to or interest therein, he is not liable in detinue to the owner. 18 C. J. 1000; Behr v. Gerson, 95 Ala. 438, 11 South. 115.

SOMERVILLE, J. Under the provisions of the act approved February 28, 1911 (Gen. Acts 1911, p. 33), when the defendant in a detinue suit disclaims possession of the property sued for, the plaintiff is entitled to have judgment against the defendant for the property, and if the evidence reasonably satisfies the court or jury that the defendant had possession of the property at the commencement of the suit, the plaintiff may recover the costs of suit and damages for the detention.

[1] The only answer made by the defendant in the instant case is by way of disclaimer. Hence, as matter of law, the plaintiff was entitled to a verdict and judgment against the defendant, without costs or damages. The instructions requested by defendant, and refused by the trial judge, ignored this right, and were therefore properly refused, in any view of the evidence as to defendant's possession of the property. Had these instructions been so limited as to deny plaintiff's right to the recovery of costs and damages, they would have been appropriate to the issue presented, and we might reach a different conclusion as to their refusal.

The only reason given by the trial court for setting aside the verdict was that charges requested by the defendant had been improperly refused. As we have seen, this ground for granting the motion for a new trial can-

not be sustained. The evidence as to defendant's possession of the piano player and stool was sufficiently in dispute to make it a jury question, and we cannot sustain the judgment granting the motion, on the ground that the verdict was contrary to the evidence.

[2] The verdict found "the issue" in favor of the plaintiff; the issue being defendant's possession of the property vel non. While we think the verdict was erroneous in finding that defendant had possession of the rocking chairs, this was without prejudice, since a similar finding as to defendant's possession of the other property carried the cost of the suit in any event.

[3] The conditional judgment on defendant's replevy bond was irregular and not authorized by the statute (Code 1907, § 3783; Rand v. Gibson, 109 Ala. 266, 19 South. 533); but no point is made as to that. As the record is presented, we are constrained to hold that the trial court erred in granting the motion for a new trial, and the judgment in that behalf will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.