(109 So. 168)

### CLIFTON v. GAY. (7 Div. 124.)

(Court of Appeals of Alabama. March 16, 1926. Rehearing Denied May 25, 1926.)

**1. Detinue ⬤⟲22.**

Where evidence of title in detinue was conflicting, court properly refused charges requiring affirmative relief.

**2. Trial ⬤⟲253(3)—Charge to find for plaintiff if mortgagor owned cow when she mortgaged it to plaintiff held properly refused, as ignoring issue whether she agreed that her son might mortgage it to defendant.**

In detinue, charge to find for plaintiff if mortgagor's father gave her cow involved and she owned it at time of mortgaging it to plaintiff *held* properly refused, as ignoring issue whether she agreed that her son might mortgage it to defendant.

**3. Witnesses ⬤⟲406.**

In detinue for cow, testimony as to title in another than plaintiff's mortgagor *held* admissible to impeach testimony of plaintiff's witnesses.

**4. Evidence ⬤⟲201.**

Statements of mortgagor and another in possession of cow at time testified to in identifying latter's cow as that involved *held* relevant and legal, in detinue by one mortgagee against another.

**5. Witnesses ⬤⟲363(1).**

Ill feeling between one not party to suit in detinue and witness identifying former's cow as one involved was irrelevant.

**6. Witnesses ⬤⟲380(6)—Defendant could recall plaintiff to lay predicate for impeachment, without making him defendant's witness.**

Defendant, with court's permission, could recall plaintiff, testifying for himself, to lay predicate for impeachment by contradictory statement out of court, without thereby making him defendant's witness.

**7. Witnesses ⬤⟲379(1).**

Contradictory statement by plaintiff out of court is admissible to impeach his testimony.

**8. Witnesses ⬤⟲388(9).**

Predicate for impeachment of witness and question to impeaching witness need only be substantially the same.

**9. Evidence ⬤⟲201.**

Wife's admission to defendant, before cow in her possession was mortgaged to him by her son, that it belonged to her husband, was relevant in detinue by subsequent mortgagee of husband and wife.

**10. Detinue ⬤⟲18.**

In detinue, defendant, who knew facts, could testify as to his transaction with plaintiff's mortgagors at time of taking prior mortgage from their son to show consideration, and identify mortgaged cow and parties.

**11. Detinue ⬤⟲25—Judgment for defendant on appeal from justice's judgment for conversion in suit in detinue and trover held not erroneous in not assessing value of property in defendant's possession (Code 1923, §§ 7389, 7390).**

Where defendant was in possession of mortgaged cow, circuit court's judgment for him on appeal from justice's judgment against him for conversion in suit in detinue and trover, instituted and tried under Code 1923, §§ 7389, 7390, was not erroneous in not assessing value of cow.

**12. Judgment ⬤⟲224—Judgment that defendant recover amount of detinue bond from plaintiff and his sureties, to be applied on costs, and all costs exceeding such amount from plaintiff, will support execution as to latter, though costs are divided in amount.**

In detinue, judgment that defendant recover of plaintiff and his sureties amount of detinue bond, to be applied on costs, and recover of plaintiff all costs exceeding such amount, runs

against defendant as to all costs and will support execution as to him, though costs are divided in amount.

**13. Appeal and error ⬡⟹880(3).**

While judgment against plaintiff and sureties for amount of detinue bond is irregular, under Code 1923, § 7394, plaintiff cannot assign judgment against sureties as error.

**14. Appeal and error ⬡⟹882(3)—Plaintiff, proceeding in detinue to recover property in specie, and giving cost bond, cannot complain of judgment against him and sureties for amount of bond (Code 1923, § 7389).**

One, proceeding in detinue under Code 1923, § 7389, to recover property in specie, and giving required bond for costs, cannot complain of judgment against him and sureties for amount of bond, though such judgment might have been obtained in suit not requiring bond.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action in detinue by Roy Clifton against S. J. Gay. From a judgment for defendant, plaintiff appeals. Affirmed.

Certiorari denied by Supreme Court in Clifton v. Gay, 109 So. 170.

The judgment of the trial court is as follows:

"It is therefore considered, ordered, and adjudged by the court that the defendant, S. J. Gay, have and recover of the plaintiff, Roy Clifton, and his sureties on the detinue bond, to wit, W. A. J. Clifton and W. N. Clifton, the sum of $50, the amount of said detinue bond, to be applied on the costs in this behalf expended, for which let execution issue, with waiver of exemptions as to personal property.

"It is further considered, ordered, and adjudged by the court that the defendant, S. J. Gay, have and recover of the plaintiff, Roy Clifton, all costs in this behalf expended in excess of the above-named amount of $50, for which let execution issue."

Charge 4, refused to plaintiff, is as follows:

"(4) If the jury is reasonably satisfied from the evidence in this case that E. C. Abney's father gave her the cow involved in this suit and that E. C. Abney owned the cow at the time she executed the mortgage to the plaintiff, Roy Clifton, you must find a verdict in favor of the plaintiff."

Walter S. Smith, of Lineville, for appellant.

A party offering a witness cannot impeach his credibility, by proving contradictory statements made by said witness, nor can a witness be impeached, in absence of proper predicate, by showing such contradictory statements. Cole v. Gay & Bruce, 20 Ala. App. 643, 104 So. 775; Greenleaf on Evi. § 462; Livingston v. State, 7 Ala. App. 43, 61 So. 54; Speakman v. Vest, 152 Ala. 623, 44 So. 1021; Hickman v. State, 12 Ala. App. 22, 67 So. 775. It is not proper to cross-examine a witness as to collateral or irrelevant matters, for the purpose of impeaching or contradicting him. 40 Cyc. 2769. The affirmative charge should not have been refused to plaintiff. 6 Mayfield's Dig. 104. It is error to render judgment against plaintiff and sureties on his detinue bond for property and costs, when the property is in possession of the successful party. Code 1923, § 7392. Judgment must be for property sued for, or its alternate value, and the judgment entry must show a compliance with the law. Code 1923, § 7392; Jernigan v. Willoughby, 159 Ala. 650, 48 So. 812; Killian v. Taylor, 20 Ala. App. 614, 104 So. 446; Carroll v. Blackburn, 12 Ala. App. 648, 68 So. 515.

Prüet & Glass, of Ashland, for appellee.

It was permissible for appellee to show the conversation between himself and E. C. Abney. Bowdon Lime Wks. v. Moss, 14 Ala. App. 433, 70 So. 292. When time, place, and circumstances are given, great latitude should be allowed for purpose of laying a predicate to impeach a witness. Tanner v. L. & N. R. Co., 60 Ala. 621, 643. A party does not forfeit his right to impeach a witness by cross-examination of such witness. Johnson v. Armstrong, 97 Ala. 731, 12 So. 72. A requested charge, invasive of the jury's province, is properly refused. Buford v. Graden, 185 Ala. 341, 64 So. 552; Daniel v. Wade, 203 Ala. 355, 83 So. 99.

SAMFORD, J. [1] The issue involved in this suit was the title to a cow. The evidence was in conflict, and hence the trial court properly refused all requested written charges requiring affirmative relief. This disposes of assignments 1, 2, and 3.

[2] The plaintiff claimed title through a mortgage executed by E. C. Abney and Jim Abney, her husband, on February 24, 1920. The defendant claimed through a mortgage executed by J. F. Abney and A. O. East on January 3, 1920. One of the disputed issues was as to whether the title to the cow was ever in E. C. Abney and another was, even if she had at one time owned the cow she had agreed and consented with defendant on January 2, 1920, that her son, J. F. Abney, might mortgage the cow to defendant to secure advances made to J. F. Abney. Refused charge 4 ignores this last phase of the evidence and was properly refused.

[3] The testimony of the witness Shamblee tended to prove title to the cow in question in Henry Abney and not in E. C., as claimed by plaintiff. It also tended to impeach the testimony of plaintiff's witnesses, and for that reason was admissible. This disposes of assignments 5, 6, 7, 8, 9, and 10.

[4] The testimony of the witness Cofield tended to identify the cow owned by Henry Abney as the cow in dispute and the statements of E. C. and Henry at the time testified to, they being then and there in possession,

were relevant and legal. This applies to assignments 11, 12, 13, and 14.

[5] Henry Abney was not a party to this suit, and hence any ill feeling which may have existed between Henry and the witness Cofield was irrelevant. This disposes of assignment 15.

[6-8] The defendant had a perfect right, with the permission of the court, to recall plaintiff, who had testified as a witness in his own behalf, for the purpose of laying a predicate to him. This would not have the effect of making plaintiff defendant's witness. This practice is too well established to admit of doubt. The predicate laid to the witness related to material matter in issue and a contradictory statement made out of court would tend to impeach his testimony. The predicate laid and the question propounded to the impeaching witness were substantially the same. The objection on the ground that the two were not the same was properly overruled. This disposes of assignments 16, 17, 18, and 19.

[9] Admission of E. C. Abney made to defendant on the day before the execution of the mortgage, that the cow belonged to her husband, was relevant; she being in possession of the cow at the time. This disposes of assignments 20, 21, 22, and 23.

[10] It was relevant and legal for defendant, who knew the facts, to testify as to the transaction between himself, J. F. Abney, and E. C. Abney at the time of taking the mortgage, to show the consideration for the mortgage and to identify the cow and the parties. This applies to assignments 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32.

[11] This suit was originally instituted in a justice of the peace court under and by virtue of the rights conferred by section 7389 of the Code of 1923, which section is a part of chapter 282 of the Code of 1923, providing a remedy for the recovery of property in specie, and the entire chapter, as modified or enlarged by the decisions of this and the Supreme Court, embraces all the law of statutory detinue.

To begin a suit of this kind so as to have the benefit of all succeeding applicable sections, the plaintiff must do certain things, among which is the execution of a preliminary bond, with sureties, conditioned that he will pay the defendant all such costs and damages as he may sustain by the wrongful complaint. This bond was duly made and the justice of the peace made the proper indorsement requiring the sheriff to seize the property described in the complaint. The complaint was in two counts; the first claiming the property, and the second in trover claiming damages for the value of the property. The property was never seized by the sheriff, but process was served on defendant and the property sued for was left in defendant's possession, where it still remains. In the justice

court the trial proceeded under section 7390 of the Code of 1923 and a judgment was rendered against the defendant for damages under the count for conversion, and without reference to the claim under the detinue count. From this judgment an appeal was taken to the circuit court, where the cause was tried de novo and a judgment rendered for the defendant. The property being in the possession of the successful party, there can be no reason for assessing the value of the property, and therefore this omission from the judgment does not render it erroneous. Dykes v. Clarke, 98 Ala. 657, 13 So. 690.

[12] Although divided in amount, the judgment for all the costs runs against the defendant and as to him will support an execution.

[13] While the judgment does not comply with section 7394 of the Code of 1923, and for that reason is irregular (Jordan v. Appleton, 209 Ala. 290, 96 So. 195; Rand v. Gibson, 109 Ala. 266, 19 So. 533; Garrott & Brooks v. Fuller, 36 Ala. 179), yet the appellant cannot assign as error the judgment against the sureties, since such judgment is not prejudicial to him (Eslava v. Farley, 72 Ala. 214).

[14] As has been seen above, the judgment as entered is irregular, but is not void. The plaintiff, having elected to proceed under 7389 of the Code, was required to give a bond to secure the costs, and, while it is true the trial culminated in a judgment which might have been obtained in a suit not requiring the giving of a bond, the plaintiff, having accepted the benefits under section 7389, must also carry and be charged with its burdens. This disposes of assignments 33, 34, and 35.

The foregoing disposes of the 35 assignments of error, separately considered, in which the amount involved does not exceed $25, and, with one exception, none but questions many times decided, are presented for review. We are constrained to say that the record might have been much abbreviated, without any jeopardy to the rights of either party. And this we say without reflection on either court or attorneys, but as an observation suggesting a change in a system too long in operation.

We find no reversible error in the record and the judgment is affirmed.

Affirmed.