(109 So. 170)

**Roy CLIFTON v. S. J. GAY.   (7 Div. 656.)**

(Supreme Court of Alabama.   June 17, 1926.)

Certiorari to Court of Appeals.

Walter S. Smith, of Lineville, for petitioner. Pruet & Glass, of Ashland, opposed.

PER CURIAM. Petition of Roy Clifton for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Clifton v. Gay, 21 Ala. App. 412, 109 So. 168.

Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

---

(109 So. 165)

**WILLIAMS et al. v. STOKES.   (6 Div. 718.)**

(Supreme Court of Alabama.   June 17, 1926.)

Arrest ⚖➾63(4).

Code 1923, § 974, authorizes fire marshals and deputies to cause arrest of person suspected of offense in usual way by making affidavit and procuring issuance of warrant, and does not authorize arrest without warrant.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action for damages for false imprisonment by J. T. Stokes against W. J. Williams, G. R. Shaffer, and the National Surety Company. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Foster, Rice & Foster, of Tuscaloosa, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellants.

The fire marshal is an executive officer whose duty it is to enforce the law. He has authority to cause arrests. Code 1923, §§ 954, 974. There is no constitutional prohibition against making an arrest without a warrant. Williams v. State, 44 Ala. 41; Childers v. State, 156 Ala. 98, 47 So. 70; Ex parte Thomas, 100 Ala. 102, 13 So. 517; Ex parte Rhodes, 202 Ala. 69, 79 So. 462, 1 A. L. R. 568.

Jones, Jones & Van de Graaf, of Tuscaloosa, for appellee.

¹ Brief of counsel did not reach the Reporter.

ANDERSON, C. J. We find the following statement in brief of appellants' counsel:

"The one question for consideration is what authority in that regard did section 974, Code 1923, confer on the state fire marshal?"

The statute for consideration is in this language:

"If he shall be of the opinion that there is evidence sufficient to charge any person with an offense, he shall cause such person to be arrested and charged with such an offense as the evidence may warrant, and shall furnish to the solicitor of any court having jurisdiction of the offense all the information obtained by him, including a copy of all pertinent and material testimony taken, together with the names of the witnesses."

We are of the opinion, and so hold, that the quoted provision simply authorizes the fire marshal and his deputies to cause the arrest of the suspected person in the usual and orderly way—that is, by making affidavit and procuring the issuance of a warrant—and does not authorize the arrest without a warrant.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.