83 So.2d 325

**Hilda S. WEBB**

**v.**

**Hulin H. WEBB.**

**5 Div. 602.**

Supreme Court of Alabama.

Nov. 10, 1955.

Walker & Walker, Opelika, for appellant.

McKee & Maye, Opelika, for appellee.

LAWSON, Justice.

This is a detinue suit filed in the circuit court of Lee County on February 26, 1954, by Hilda S. Webb against Hulin H. Webb to recover a 1949 Ford automobile and damages for its detention from September 6, 1951.

The return of the sheriff shows that he took the automobile into possession on March 3, 1954, under writ of seizure issued by the clerk based on affidavit and bond made by the plaintiff. The defendant failing to make bond within five days after seizure, the plaintiff on March 11, 1954, made bond and obtained possession of the automobile. § 920, Title 7, Code 1940.

The complaint is in Code form. Form 27, § 223, Title 7, Code 1940. The defendant did not plead the general issue which in an action of this kind is "non detinet" or an averment that the allegations of the complaint are untrue. § 225, Title 7, Code 1940; Norris v. Kelly, 249 Ala. 281, 31 So.2d 129, and authorities cited. Instead, the defendant on May 1, 1954, filed the following special pleas:

"1. Comes the defendant in the above cause, and for answer to the complaint on file herein, and to each and every count thereof, separately and severally, says as follows: That he was not, at the time of the service of the summons and complaint, nor is

610

he now in possession or control of the property sued for in the complaint and described more particularly as follows:

"One 1949 Ford Two-door sedan Automobile, Motor N. 98BA–644440, being the automobile described in bill of sale from Hulin H. Webb to Hilda S. Webb, dated July 12, 1951;

"neither has, or does the defendant claim any right, title, interest or claim in said chattel above described, and he avers that said property is in the possession of the plaintiff in this cause.

"2. And for further answer to the complaint and to each and every count thereof separately and severally, the defendant saith as follows: that the circuit court of Lee County, Alabama, by decree rendered, awarded the property sued for by the plaintiff, to the defendant; that under and by virtue of said decree, the defendant herein held said property; that subsequently, the Supreme Court of Alabama, reversed the Circuit Court of Lee County, Alabama, decreeing that said property herein sought be declared the property of the plaintiff here; that the defendant notified the Clerk of the Circuit Court of Lee County, being also the Register of the Circuit Court of Lee County, that he was standing by to deliver the property to said Register upon order from that court; that on March 2, 1954, previous to service of the summons and complaint in this cause, the defendant did deliver said property to W. O. Brownfield as Register, and he now disclaims any interest or ownership in said property; that there was no necessity for this suit, and that the costs of said suit should be assessed against the plaintiff."

The demurrer filed by the plaintiff to each of the pleas being overruled, the plaintiff joined issue on the pleas.

The cause came on for trial before the court without a jury and on May 21, 1954, the day of the trial, the court entered a judgment which reads:

"On this the 21st day of May, 1954, came the Plaintiff with her Attorneys and also came the Defendant with his Attorneys, issue being joined and trial by jury not having been demanded, the cause is tried and heard by the Court without a jury, and the Court after hearing the evidence in proof of the claim of the Plaintiff for the specific personal property sued for in the bill of complaint and the evidence of the value of the hire or use thereof during the detention and after consideration of the evidence the Court is of the opinion that the Plaintiff should recover the specific personal property sued for, to-wit: one (1) 1949 two-door sedan automobile, motor number 98BA–644440, and further the Court is of the opinion that the Plaintiff is not entitled to recover of the Defendant any value of hire or use thereof during the detention.

"It is therefore considered, ordered, adjudged and decreed by the Court that the Plaintiff, Hilda S. Webb, have and recover of the Defendant Hulin H. Webb, the specific personal property sued for and described in the bill of complaint, to-wit, one (1) 1949 Ford Two-door sedan automobile, Motor Number 98BA–644440. And it appearing from the record that the Plaintiff, Hilda S. Webb has taken the said specific personal property into her possession, having given a Plaintiff's Replevy Bond in Detinue, no alternate value is fixed or determined.

"It is further Considered, ordered, adjudged and decreed by the Court that the Plaintiff, Hilda S. Webb, have no damages for the value of the hire or use thereof during the detention.

"And it is further considered, ordered, adjudged and decreed by the Court that the cost herein be and hereby is taxed against the Plaintiff, Hilda S. Webb, for which let execution issue."

On June 17, 1954, the plaintiff filed what is styled "Motions to Set Aside Portions of Judgment," which motions were overruled.

on August 28, 1954. Thereafter, the plaintiff duly perfected her appeal to this court from the decree of June 21, 1954.

It is argued here by the plaintiff below that the trial court erred in overruling her demurrer to each of the pleas.

■ The general rule is that a plea to the merits of a case must either specifically deny the cause of action set up in the complaint or it must confess the cause of action and set up matters which will legally avoid the cause of action so averred. Shearin v. Pizitz, 208 Ala. 244, 94 So. 92; Central of Georgia Ry. Co. v. Williams, 200 Ala. 73, 75 So. 401; Black v. W. T. Smith Lumber Co., 179 Ala. 397, 60 So. 154; Smith Bros. & Co. v. W. C. Agee & Co., 178 Ala. 627, 59 So. 647.

■ The gist of an action of detinue is the detention of a chattel at the time of the commencement of the suit, that is, when the complaint is filed in the office of the clerk. § 43, Title 7, Code 1940; Penney v. Speake, 256 Ala. 359, 54 So.2d 709; Knight v. Garden, 196 Ala. 516, 71 So. 715; Gossett v. Morrow, 187 Ala. 387, 69 So. 826; Berlin Machine Works v. Alabama City Furniture Co., 112 Ala. 488, 20 So. 418. And the chattel sued for, together with damages for its detention, are the primary recovery in an action of detinue. § 921, Title 7, Code 1940; Balls v. Crump, 256 Ala. 512, 56 So.2d 108; Heard v. Hicks, 101 Ala. 102, 13 So. 256.

■ Since detention at the time the complaint was filed is the gist of the action, it is readily apparent that defendant's Plea No. 1 fails to specifically deny the cause of action set up in the complaint. The averment that defendant was not in possession of the automobile at the time of service of the summons and complaint or at the time of the filing of the plea is not a denial of possession at the time the suit was commenced. For aught appearing, the defendant might well have been in possession of the automobile at the time the complaint was filed, although not in possession at time of service or thereafter.

■ Likewise, defendant's Plea No. 1 is insufficient as a plea of confession and avoidance. It does not admit detention at time of commencement of the suit and seek to justify that detention.

■ Since there is no denial of possession at time of the commencement of the suit, Plea No. 1 cannot be said to be a "disclaimer" such as is provided for in § 935, Title 7, Code 1940, which section reads:

"Upon the defendant's disclaimer, which shall be under oath, the plaintiff must join issue thereon, and the burden shall be upon the plaintiff to show that the defendant was in possession of the property sued for at the commencement of the suit. If such issue is found for the plaintiff, he shall have judgment against the defendant for the property sued for; otherwise the defendant shall recover his costs. When as to any property the defendant pleads the general issue or files a replevy bond, he shall be precluded from disclaiming possession of such property."

It has been said that a "disclaimer" is neither an answer or a defensive plea, but merely a denial of right or title in the defendant although not necessarily a denial of prior possession. Wilson v. McCoy, 93 W.Va. 667, 117 S.E. 473; Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69.

■ But a casual reading of § 935, Title 7, supra, readily discloses that the "disclaimer" there provided for is at least, in part, a defensive plea where the defendant must deny possession of the suit property at the time of the commencement of the suit. The last sentence of the section shows that the "disclaimer" referred to therein is that of possession and certainly the lawmakers would not provide for a plaintiff to join issue on a "disclaimer" and put upon him the burden of proving possession in the defendant at time of the commencement of the suit unless the "disclaimer" contain averments denying such possession in the defendant. See Jones, Alabama Practice and Forms, Vol. 2, p. 276, § 6848, captioned "Plea of Disclaimer (Code 1940, Tit. 7, § 935)."

■ Where a defendant in a detinue suit disclaims possession of the suit property at the time the suit was commenced, the plain-

tiff is entitled to have judgment against the defendant for the property, and if the evidence reasonably satisfies the court or jury that the defendant wrongfully had possession of the property at the time of commencement of the suit, the plaintiff may recover the costs of suit and damages for the detention. Jordan v. Appleton, 209 Ala. 290, 96 So. 195. But that is not the situation with which we are presently concerned because, as before indicated, Plea No. 1 does not contain averments denying possession in the plaintiff at the time of commencement of the suit.

We hold that defendant's Plea No. 1 was fatally defective and that the demurrer interposed thereto should have been sustained.

Defendant's Plea No. 2, when construed most strongly against him, admits possession of the automobile at time the suit was commenced and apparently seeks to avoid liability on the theory that the defendant was entitled to possession under a decree of the circuit court of Lee County, in equity, which awarded the automobile to him.

■ But the plea shows on its face that the decree there relied upon was reversed by this court prior to the time the instant suit was commenced and while the automobile was in the possession of the defendant. The reversal of the decree in this court had the effect of annulling it in its entirety and the case stood as though no decree had ever been rendered. Christian Benevolent Burial Association v. Thornton, 241 Ala. 13, 1 So.2d 8, and cases cited. However, even if the defendant could rely upon the decree of the circuit court of Lee County, in equity, referred to in Plea No. 2, the plea would not be a sufficient answer to the complaint, for it is not averred therein that the decree relied upon was rendered prior to September 6, 1951, the day on which the plaintiff alleges the defendant went into possession of the automobile, and yet the plea purports to be an answer to the entire cause of action. A plea which professes in its commencement to be a defense in bar of the entire action, and its substance is such that it is in fact only a partial defense, is subject to demurrer. Alabama Great Southern R. Co. v. Herring, 234 Ala. 238, 1┆4 So. 502; Rus-

sell v. Bush, 196 Ala. 309, 71 So. 397, and cases cited; Stein v. Ashby, 30 Ala. 363.

In view of the foregoing, we hold that defendant's Plea No. 2 was subject to the demurrer interposed thereto and the trial court erred in failing to sustain the demurrer.

We would like to point out that in holding that the trial court erred in overruling the demurrers interposed to Pleas 1 and 2, we are not in accord with the position taken by counsel for the appellant in brief to the effect that in detinue suits except where the suit is by a mortgagee or a vendor under a contract of conditional sale, the only proper pleas are the general issue and a verified plea of disclaimer of possession as provided in § 935, Title 7, Code 1940.

■ Under the provisions of § 934, Title 7, Code 1940, the plea of the general issue admits possession of the suit property in the defendant at the time of the commencement of the suit and under the rule of our cases such a plea denies the title of the plaintiff and his right to possession. Starr Piano Co. v. Zavelo, 212 Ala. 369, 102 So. 795; Roberts v. Davis, 230 Ala. 272, 168 So. 718.

As before shown, the provisions of § 935, Title 7, have reference to a disclaimer by the defendant of possession of suit property at the time the suit was commenced.

■ We are of the opinion that in a detinue action a defendant who is in possession of a chattel at the time the suit is commenced, title to which is in the plaintiff, may aver such facts in a special plea, along with averments showing that his possession was rightful, as for example where the chattel came into his possession with the consent of the plaintiff and the plaintiff had made no special demand therefor prior to the bringing of the suit. Such a plea would, of course, entitle the plaintiff to recover the chattel sued for, but if proved would enable the defendant to avoid liability for damages for detention prior to the service of the writ. Daniel Bros. v. H. R. Jordan & Son, 146 Ala. 229, 40 So. 940; Home Bond & Mortgage Corp. v. Alabama Utilities Service Co., 225 Ala. 322, 142 So. 827.

We do not feel that the doctrine of error without injury can be applied in this case, if for no other reason, because from aught that appears the trial court denied the plaintiff damages for detention on the theory that the automobile was not in the possession of the defendant at the time the summons and complaint were served upon him, as was averred in the defendant's Plea No. 1. Ex parte Lackey, 228 Ala. 106, 153 So. 289.

We conclude, therefore, that for the error in overruling plaintiff's demurrers to defendant's Pleas 1 and 2, the judgment of the court below must be reversed. It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.