253 So.2d 782

**Richard BREWTON**

**v.**

**ALABAMA TRACTOR COMPANY SOUTH, INCORPORATED.**

**1 Div. 52.**

Court of Civil Appeals of Alabama.

Oct. 20, 1971.

Wilson Hayes, Bay Minette, for appellant.

Louis E. Braswell, Mobile, for appellee.

WRIGHT, Judge.

An action in detinue was filed by Alabama Tractor Company South, Incorporated, against Richard Brewton to recover possession of a Case Bulldozer. Defendant failing to provide bond, plaintiff made bond as required by Title 7, Section 920, Alabama Code 1940, and the sheriff delivered the property to it.

To the complaint of one count in detinue, defendant answered with the general issue. Upon submission of the evidence to a jury the following verdict was returned:

"We the Jury find for the defendant with these stipulations, possession of (1) one case 1150 Tilt Dozer: Credits $1,000.00 cash, $2,000.00 lcase, $2,160.00 Equity on John Deere $4,800.00 loss of Income, $2,800.00 depreciation Total $12,760.00. Cost of Case $20,760.00 Credit for Defendant $12,760.00 Balance due Alabama Tractor Co. South, Inc., a Corp. $8,000.00 to be financed * * *"

Following the verdict, judgment was entered as follows:

"Jury and Verdict for the Defendant for the case Bulldozer—with defendant to pay Plaintiff $8,000.00. Telfair J. Mashburn, Judge."

Defendant moved for new trial which motion was denied. Defendant appealed and plaintiff assigned cross-errors as provided by Title 7, Section 746, Code of Alabama 1940.

Defendant-appellant has assigned as error that the verdict and the judgment are contrary to law in that each fails to assess the alternate value of the property sued for as required by Section 921, Title 7, Code of Alabama 1940. Plaintiff-appellee charges error in the refusal of the trial judge to give at its request the affirmative charge with hypothesis.

The evidence offered in the trial was in conflict in many areas. The essence of plaintiff's evidence was that it was the holder of title to the bulldozer sued for. That defendant had obtained possession under a rental agreement for a period of three months at a monthly rental of $1,000. Two months rent had been paid, but the third month was past due and unpaid at the time suit was filed.

Though defendant contended he was a conditional sale vendee of the dozer, he did not suggest that the jury ascertain the amount of the unpaid balance due on the purchase price as provided by Section 929, Title 7, Code of Alabama 1940. Defendant presented testimony of a conditional sale of the dozer to him with a trade-in allowance for a tractor delivered by him to plaintiff. The existence of such a contract

was in conflict. There was an absence of proof as to the terms of the alleged contract and when it was to become effective. There were introduced certain memoranda as to negotiation of a conditional sales contract between the parties. Such memoranda included the signature of defendant upon blank conditional sales contract and security instrument forms.

 From the state of the evidence it appears that the case was tried as if the provisions of Section 929 of Title 7 were invoked. We find no objection to the introduction of such evidence on the ground of the absence of proper pleadings. All indications are that the trial proceeded on the theory that Section 929 was applicable. The parties to a case may try it upon whatever theory they desire when no objection is presented.

The verdict of the jury, insofar as it is intelligible, appears to be an effort to adjust equities between the parties and determine the amount of the unpaid purchase price of the dozer sold.

With the filing of the plea of general issue, defendant admitted possession of the property sued for at the time suit was filed. Title 7, Section 934, Code of Alabama 1940. At the same time such plea places in issue the title of plaintiff and its right to possession. Webb v. Webb, 263 Ala. 607, 83 So.2d 325. Though the title of plaintiff to the dozer appears by the evidence to be without serious question, its right to possession is another matter. The evidence as to that issue was in conflict, confusing and incomplete to say the least. Because of such material conflict in the evidence, we do not think appellee was entitled to have given the affirmative charge as requested.

We are of the opinion that the verdict is so confusing, ineptly worded, including matters of recommendation rather than findings of fact, and is otherwise so inappropriate as to be contrary to law and unable to support a judgment. It is clear the verdict should never have been accepted in such form by the court. The judgment is equally inept and improper and must be set aside as contrary to law. Title 7, Section 921, Code of Alabama 1940. The insufficiency of the verdict and judgment appears to this Court to be so clear and obvious as to require no further comment.

Reversed and remanded.