# Kramer *v.* Compton.

## *Assumpsit.*

(Decided April 21, 1910.   52 South. 351 )

1. *Appeal and Error; Harmless Error; Evidence.*—Any error in excluding a fact which is permitted to be subsequently proven is harmless.

2. *Same.*—Error in excluding an answer of a witness is without injury where the witness subsequently without objection answered the question.

3. *Pleading; Issue; Aided by Verdict.*—Where a count of the complaint was subject to demurrer for failing to allege a fact and no demurrer was interposed but issue taken thereon and the fact was proven, plaintiff was entitled to a judgment on the count.

4. *Principal and Agent; Acts of Agent; Liability of Principal.*— A principal is liable for the acts of his agent done within the scope of his apparent authority.

5. *Sales; Price; Evidence.*—Where a plaintiff claimed that the defendant was liable to him on account of goods sold to a third person, but made no effort to intercept any money due by the defendant to such third person, it was not competent to show to whom the defendant paid the balance due from him to such third person.

6. *Trial; Objection to Evidence; Time.*—A party cannot speculate on what the testimony will be and then move to exclude it, hence, a motion made to exclude the evidence after a cross examination comes too late.   The proper practice is to object to the qeustion seeking to elicit the evidence and then move to exclude the answer.

7. *Same; Discretion of Trial Court.*—It is within the discretion of the trial court to exclude illegal evidence at any time, and hence, it is not error to exclude illegal evidence on motion, although the motion came after the question was asked and answered.

8. *Charge of Court; Misleading; Duty to Request Explanatory Charge.*—Where a charge asserts a correct principle, but under the facts in the case is misleading, the duty is on the opponent party to request an explanatory charge.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Assumpsit by J. H. Compton against H. Kramer. From a judgment for plaintiff, defendant appeals. Affirmed.

It appears that the controversy was over an amount advanced to John Wingate, and the evidence for the plaintiff tended to show that Wedemeyer came to plaintiff and asked him if he would advance to Wingate corn, hay, oats, etc., for his team while he was hauling staves for the defendant, and that he advanced Wingate $304.30. The evidence as to the agency of Wedemeyer is set out in the opinion. The court also permitted evidence, over the objection of the defendant, tending to show that the defendant paid bills in the summer of 1908 to other parties, which were for goods bought by Wedemeyer as agent. The defendant also sought to show by the same witnesses that Kramer informed the witness, before paying the bill, that he was not obliged to pay the same, and that he had given Wedemeyer no authority to make it. The defendant also sought to show that the balance in his hands due Wingate had been paid to James, Marion & Co., and he also sought to show that he did not authorize his agent, Wedemeyer, to contract any bills in buying corn, oats, and hay for the men who were hauling staves.

The following charges were given at the request of the plaintiff: "(A) If the jury believe from the evidence that plaintiff sold and advanced to defendant's agent goods and merchandise during the early part of 1908, and the same were unpaid for, the jury must find for the plaintiff for the amount due on said merchandise and goods. (B) If the jury believe from the evidence in this case that plaintiff sold and advanced goods, merchandise, and cattle, amounting to $304.35, to the defendant's agent, W. B. Wedemeyer, during the early part of the year 1908, and that said amount is unpaid, the jury must find for the plaintiff. (C) A principal is liable for the acts of his agent, done within the scope of his apparent authority."

[Kramer v. Compton.]

WILLIAM CUNNINGHAME, for appellant.—The court erred in not excluding the testimony of J. J. Marion as to payments made by plaintiff in the summer of 1908, to him or the firm of Jones, Marion & Co., by Kramer for goods bought by Wedemeyer, the agent.—*Patterson v. Neal,* 134 Ala. 477; (135 Ala. 477); *Talmage v. Lounsberry,* 50 N. Y. 531; 88 Am. State Reports, page 786. The court erred in refusing to allow the witness, Marion, on his cross examination, to answer the question, "Did not Kramer inform you before he paid you the bill, that he was not obliged to pay the same and that he had given Wedemeyer no authority to buy it?"—5 May. Digest, p. 410, sec. 825; 1 Brickell's Digest, p. 889, secs. 1217, 1225; 1 Best on Evidence, Secs. 90, 251 and 252; 1 Green. Evidence, sec. 52; *McCall v. Powell,* 64 Ala. 254. The court erred in refusing to allow the witness, Marion, on his cross examination, to answer the question "Did not Kramer inform you, before he paid the bill to you, that Wingate's contract was to haul staves, and where Wingate got his feed stuff from was no concern to him?"—Authorities, supra under Sub. Div. 2. The court erred in excluding the testimony of the defendant that he "paid the balance in his hands, due to Wingate, to Jones, Marion & Co.?—1 Brickell's Digest, p. 809, sec. 81; *Robinson's admr. v. Allison,* 36 Ala. 525; 5 May. digest, p. 410, sec. 825; 2 May. Digest p. 547, Sec. 739; *McCall v. Powell,* 64 Ala. 254. The court erred in excluding the testimony of the defendant that he "did not authorize his agent, Wedemeyer, to contract any bills in buying corn, oats and hay for the men who were hauling staves."—*Hackney v. Perry,* 44 Southern Reporter, 1029; 1 Brick. Digest, p. 809, sec. 81; 3 Brick. Digest, p. 22, sec. 54; *George v. Ross,* 128 Ala. 666; The court erred in giving charge "A."—*S. I. Co. v.*

*Catchings,* 104 Ala. 176; *U. S. Life Ins. Co. Lesser,* 126 Ala. 568; 3 Brickell's Digest, p. 22, secs. 54, 57; *Merrill v. Worthington,* 46 Southern Reporter, 477; 11 Pleading & Practice, 191; 5 Mayfield's Digest, page 750, sec. 15. The court erred in giving charge "A."—Authorities supra, under sub-div. 6. The court erred in giving charge "C."—*Patterson, v. Neal,* 135 Ala. 477; 1 Am. 7 Eng. Ency. Law, 2nd Ed. p. 990. The second count of the complaint does not state a cause of action.—*Kelly v. Burke, gdn.,* 132 Ala. 235; *Chickering v. Bromberg,* 52 Ala. 328; Code of 1907, sec. 5382, form No. 10; *Hartsell v. Masterton,* 132 Ala. 275.

ABRAHAM & TAYLOR, for appellee.—The principal is liable for the acts of the agent if done within the scope of his apparent authority.—*Wheeler v. McGuire,* 86 Ala. 298; *Montgomery F. Co. v. Hardaway,* 104 Ala. 100; *Sweetzer v. Shorter,* 123 Ala. 518; *Louisville C. Co. v. Stokes,* 78 Ala. 372; *Gibson v. Snow H. Co.,* 94 Ala. 346; *Long Bros. v. Jennings,* 137 Ala. 190; *Patterson v. Neal,* 135 Ala. 482; *Lytle v. Bank of Dothan,* 121 Ala. 215; *A. G. S. v. Hill,* 76 Ala. 303. The authority to do an act includes the power to do everything necessary to its accomplishment.—*A. G. S. v. Hill, supra; Singer L. Co. v. McLean,* 105 Ala. 316; *Phillips v. Whitney,* 109 Ala. 645; 9 Port. 305; 1 Ala. 446; 13 Ala. 286. It is error without injury to exclude evidence subsequently admitted.—*Cleveland v. The State,* 86 Ala. 1. Charge C was properly given, as it was abstractly correct, and at most merely misleading.—*Dickens v. Murray,* 50 South. 1019. The count was cured by the evidence if it was not sufficient in the first instance.—*Anderson v. Timberlake,* 114 Ala. 377; *Alabama S. L. Co. v. Slayton,* 120 Ala. 259.

SIMPSON, J.—This suit was brought by the appellee against the appellant, by attachment, the first count in the complaint being the Code form on account due by defendant to the plaintiff, and the second being for goods, etc., sold and advanced to the defendant's agent. The defendant appeared by attorney, and no pleas appear by the record to have been filed, but the judgment entry states that issue was joined on the pleadings filed, which necessarily means the general issue to the complaint. Although there was no allegation in the second count that the agent was authorized to bind the defendant, or that the goods were advanced to the agent, at the special interest and request of the defendant, yet the only issue raised by the evidence is the question of the liability of the defendant for the acts of the agent. It is not disputed that one Wedemeyer was employed by the defendant to oversee the getting out of staves for the defendant, and having them hauled to the shipping point, but the defendant contends that Wedemeyer was simply employed at a certain price, to attend to that matter, without any authority to purchase any supplies on the defendant's account, and without being held out as a general agent; while the plaintiff claims that the defendant had authorized him to make the advances to said agent, and charge the same to him, and he relies mainly on a letter which he claims to have received from the defendant, date not given, though from other testimony it appears to be in December, 1907, which letter has been lost, and plaintiff was allowed to state its contents in substance as follows: "Dear Sir: John Knause is no longer my agent, and any debts that he will make in your store, I will no longer be responsible for same. I am notifying you, in order that you may advise him. I am sending W. B. Wedemeyer to take

the place of John Knause, and any assistance that you might and can give him will be appreciated by me and paid for by me." The defendant testifies that said letter merely introduced Wedemeyer, and asked plaintiff to assist him, as he was a stranger in the country. One J. J. Marion was allowed to testify, in behalf of the plaintiff, that he had let one Wingate, who was working under Wedemeyer, have certain goods at Wedemeyers' request, and that Wedemeyer told him that defendant would pay for the goods, which he afterwards did. Defendant then cross-examined said Marion, at length, in regard to the transaction, and then moved the court to exclude "all the testimony of this witness as to Kramer paying a bill for goods sold by witness," and the court refused to exclude the evidence. The motion came too late, and the court properly refused to exclude the evidence. The defendant should have objected to the question and then moved to exclude the answer. A party cannot speculate on what a witness's testimony will be, and then move to exclude it.—*Hudson v. State,* 137 Ala. 64, 34 South. 854; *Downey v. State,* 115 Ala. 109, 22 South. 479; 5 Mayfield's Dig. p. 419, § 75.

The second and third assignments insisted on claim that the court erred in refusing to allow the witness Marion to answer certain questions in regard to what the defendant said about not being under any obligation to pay the Marion debt, and as to what Wingate's contract was, before defendant paid said debt. If this was error, it was without injury, as the letter of defendant was afterwards admitted in evidence, showing exactly what the defendant did say.

There was no error in excluding the statement of the defendant, when on the witness stand, as "to whom he paid the balance",due by him to Wingate. This was

entirely irrelevant to any issue in this case. It is not sought to intercept any money due by the defendant to Wingate; but the claim is that the defendant is liable himself for the goods sold to Wingate. It is true that the exception to this testimony was not made until after the question was answered, but the rule is that, although a party who fails to make the objection at the proper time cannot afterwards claim the right to have the answer excluded, yet the court may, in its discretion, exclude illegal evidence at any time.—*Jarvis v. State*, 138 Ala. 37, 34 South. 1025; *Liner v. State*, 124 Ala. 1, 6, 27 South. 438. If there was any error in excluding the answer of the defendant, as a witness, to the question by defendant's counsel to the effect that he did not authorize Wedemeyer to contract any bills, it was without injury, as the witness subsequently made the same statement without objection.

There was no error in giving charges A and B, at the request of the plaintiff. While the second count of the complaint would have been subject to demurrer, yet issue was taken on it, and, if it was proved, the plaintiff was entitled to judgment on it.

Charge C asserts a correct principle of law, and was properly given. If, under the facts of this case, it was misleading, an explanatory charge could have been given.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.