[McPherson, et al. v. Hood, et al.]

## McPherson, *et al. v.* Hood, *et al.*

*Bill to Declare Title to Church Property, and to Sell Same.*

(Decided February 4, 1915.  67 South. 994.)

*Appeal and Error; Review; Record; Presumption.*—Where depositions are omitted from the record and the decree does not negative the idea that the submission includes the deposition, it will be presumed on appeal that the decree was sustained by the proof, although in the formal application of solicitors for both parties for submission of the cause, depositions are mentioned as being in relation to the subjects on which the submission should be had.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Bill by J. F. MacPherson and others, as trustees of the First Cumberland Presbyterian Church, against L. D. Hood and others, as officers of the Fifth Avenue Presbyterian Church, to require said respondents to show by what right or title they claim to have any interest in the property of the Cumberland Presbyterian Church, and to authorize complainants to take possession of said property and sell the same, and, after discharging the just debts thereof, to pay the balance over to the accredited treasurer of the First Presbyterian Church in the city of Bessemer. Judgment dismissing the bill, and complainants appeal. Affirmed, with amendment.

C. L. ODEL, for appellant.

PINKNEY SCOTT, for appellee.

MCCLELLAN, J.—From a final decree, of date July 11, 1914, dismissing the bill filed by the appellants against appellees, among others, this appeal is prose-

cuted. The only errors assigned are addressed to the result made effective by this decree.

The complainants' note of testimony for the final submission of the cause made the depositions of several named persons matters for the court's consideration in arriving at its judgment in the premises. In the formal applications of the solicitors for both parties litigant, for submission of the cause, addressed to the clerk and register of the court, depositions are mentioned as being of the subjects on which the submission for final decree should be had.—Sims' Chan. Prac., § 561. The decree itself does not exclude or negative, by any of its recitals, the idea that the submission included as subjects of the court's consideration the depositions mentioned in the complainants' note of testimony and depositions referred to in the application of complainants to the clerk and register to submit the cause to the court. It has long been the established practice in this jurisdiction that the omission from the record, on appeal from a decree rendered on pleadings and proof, of matters of evidence embraced in the submission of the cause, gives rise and effect to the presumption that the decree was sustained by the proof—*Toon v. Finney*, 74 Ala. 343; *Winter v. City Council*, 79 Ala. 481, 490; *Wood v. Wood*, 119 Ala. 183, 185, 24 South. 841; *Jefferson v. Sadler*, 155 Aal. 537, 46 South. 969; *Hale v. T. C. I. & R. R. Co.*, 183 Ala. 507, 62 South. 738; *Jordan v. Hardie*, 131 Ala. 72, 79, 31 South. 504. This presumption results from the obligation the appellants assume to affirmatively show error in the decree assailed.

The record on appeal in this cause does not contain any depositions. Consistent with the stated presumption that the decree was supported by the evidence before the trial court, it may well be that vital features

of the bill were disproven. The note of submission for complainants is effective to show that the matter of depositions noted thereon were before the court.—*Wood v. Wood,* 119 Ala. 185, 24 South. 841.

It is an idea common to the solicitors that the submission was on bill and answers only. The record does not, as indicated, sustain that notion. The cause here must be viewed as the record shows it.

The decree is accordingly affirmed, though amended to provide that the dismissal should be without prejudice. The costs of the appeal will be taxed against appellants.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.-