151 So. 362

MILLER et al. (MILLER, Intervener) v. BRYANT.

7 Div. 966.

Court of Appeals of Alabama.

Sept. 12, 1933.

Rehearing Denied Nov. 7, 1933.

Miller & Miller, of Gadsden, for appellant.

Motley & Motley, of Gadsden, for appellee.

**SAMFORD, Judge.**

The action in this case was begun by a summons and complaint, without bond, for the recovery of certain specific property claimed in the complaint as the property of plaintiff. The two original defendants in answer to the complaint as filed, filed pleas of disclaimer of possession of the property sued for at the time of the commencement of the suit. These pleas were sworn to and filed October 5, 1932, and on October 7, 1932, motion was made by defendants that the jury ascertain the amount due on the mortgage debt.

On October 17, 1932, N. C. Miller, who was not a party to the suit filed a plea of intervention under section 9485 of the Code of 1923, wherein she claimed to be the owner of the property sued for and making herself a party to the suit.

Under these pleadings, as is shown by the bill of exception, the parties to the cause proceeded to try the rights of property as between plaintiff and N. C. Miller, the intervener. After hearing the evidence and the charge of the court, there was verdict and judgment for plaintiff for one Chevrolet Coach—Model '30, value $180. No mention was made in the verdict or judgment, as to the other property claimed in the complaint or of either of the two original defendants. After the suggestion for ascertainment of the amount of the mortgage debt, the two original defendants seem to have entirely "faded from the picture," except as witnesses. One of the original defendants was the husband and one the son of the intervener and they all lived together.

There was evidence tending to prove title and right of possession in plaintiff through two mortgages executed by S. J. Miller and Polk Miller, to secure amounts of $75 each, one payable January 1, 1932, and the other January 1, 1933. In each of said mortgages was the following provision: " * * * And empower said payee or his endorsee to take possession of and sell same whenever he deems himself insecure." Per contra the evidence tended to prove title in N. C. Miller,

the intervener. There was no evidence tending to prove title or interest of S. J. and Polk Miller, other than as mortgagors of plaintiff, which mortgages were admitted to have been executed by them and that the amounts had not been paid.

There was informality in the bringing of this cause to issue, but none of these pleadings were tested by demurrer or proper motion and the entire record, including the charge of the court and the evidence as presented by the bill of exception, discloses that the proceeding was used by the consent of all parties to try the rights of property between the plaintiff and the intervener and the evidence was without dispute that whatever interest was shown to have been in S. J. and Polk Miller, had passed to plaintiff under the two mortgages executed by them conveying the property.

Parties to civil actions may by acquiescence, or by the introduction of evidence, waive the formal pleading necessary to its introduction. Hammond v. Stevens Motor Company, 21 Ala. App. 154, 106 So. 620; Cooper v. Lake Wood Company, 199 Ala. 633, 75 So. 307; Kramer v. Compton, 166 Ala. 216, 52 So. 351.

Divested then of all technical objections and exceptions, the simple question presented to the jury was, as to whether at the time of the execution of the two mortgages by S. J. and Polk Miller to plaintiff, in which they conveyed to plaintiff the Chevrolet Coach and other property therein described and involved in this suit, the title to such property was in S. J. and Polk Miller or either of them or whether it was then owned exclusively by N. C. Miller, this intervener. On this question the evidence was in conflict and therefore all charges requesting affirmative instructions were properly refused.

The clause in the mortgage from S. J. and Polk Miller to plaintiff due January 1, 1933, contained the clause which empowered the mortgagee to take possession of and sell the mortgaged property whenever the mortgagee deemed himself insecure. This is a valid provision, not to be exercised arbitrarily or oppressively, but in good faith, and in this instance the changed condition of the security justified the action on the part of plaintiff to take possession in order to protect herself against loss. Harris & Company v. Thomas, 17 Ala. App. 634, 88 So. 51.

Moreover, the two mortgages executed by S. J. and Polk Miller were the source of plaintiff's title and N. C. Miller was not in any way privy to or connected with them. She could not complain that one of the mortgages was not due and there being no judgment against either S. J. or Polk Miller, the error, if any, was without prejudice to them.

As to assignment of errors 3 and 4, one of the issues was the possession of·the Chevrolet Coach by S. J. and Polk Miller. Any evidence tending to connect them, or either of them, with the possession at the time of and after the execution of the two mortgages was relevant and admissible.

The plaintiff's counsel, over the objection and exception of attorney for intervener, was allowed to read to the jury from the record book of mortgages in the office of the judge of probate of Etowah county, the record of a mortgage made by S. J. and Polk Miller to Pollock Chevrolet Company at the time of the purchase of the car here involved, which mortgage recited the purchase of the car by S. J. and Polk Miller. This was error, but it was admitted by the intervener that she knew the mortgage was executed by S. J. and Polk Miller and that the car was purchased from the Pollock Company in Polk's name. So, being a collateral matter, no harm was done intervener by a reading of the record of the mortgage, the substantial facts of which were already admitted by her. The error was without injury.

Appellant complains that the court committed error in stating to the jury in his oral charge: "So, by the time the case gets to you, for all intents and purposes. it's a suit by plaintiff against Mrs. Miller." This statement of the trial judge is the exact status of this case under the pleadings and evidence. Originally, a suit in detinue between plaintiff and S. J. and Polk Miller, by the intervention of Mrs. N. C. Miller, it was resolved into a trial of the rights of property between the plaintiff and intervener, and it was the duty of the trial judge to so state the issue, that the jury would not be misled. After the filing of the intervention, S. J. and Polk Miller neither asserted or claimed any interest in the property.

Appellant excepts to the following excerpt from the court's oral charge, to wit: "On the other hand it is suggested by the plaintiff that the dealings with reference to the car were dealings between members of the same family and that the transaction was had and done in order to defeat a recovery in this case." This is not a charge on the effect of the evidence such as is condemned by Code 1923, § 9507, but is a statement of the contention of the plaintiff which under the law he may do. St. Louis, etc., R. Co. v. Dennis, 212 Ala. 590, 103 So. 894.

The fact that the parties, defendant, were father, mother, and son, and were living on terms of close intimate relationship, is not of itself a badge of fraud, but it is a fact showing confidential relations relevant in all cases, but dependent for its value on other circumstances with which they may be connected. Teague, Barnett & Company v. Lindsey et al., 106 Ala. 266, 17 So. 538.

The excerpt from the oral charge excepted to did not infringe upon this rule.

The other exceptions to the court's oral charge are obviously without merit. If the defense was a scheme on the part of the Millers to defeat the mortgages of plaintiff and this fact could be legitimately drawn by the jury from the evidence, the intervener, Mrs. N. C. Miller, ought not and could not recover. Taken in connection with the entire charge there is no error.

Appellant asserts error on the part of the court in his refusal to give the following charge: "I charge you gentlemen of the jury that you are bound to believe the evidence in this case unless you find it impeached or discredited." This charge invades the province of the jury and was properly refused. 1 Greenlf. Ev., par. 10, note A.; Stix & Co. v. Keith, 85 Ala. 465, 5 So. 184. In the Stix & Co. Case, Rowland v. Plummer, 50 Ala. 182–195, is expressly overruled on this point.

The charge made the basis for assignment of error 13 was properly refused. Authorities, supra. For the same reason as above given charge 3 was properly refused.

Refused charges 5, 6, and 9 calling for affirmative instructions were properly refused for the reason that the evidence was in conflict.

Charge 7 is either misleading or abstract. If it applies to all of the defendants including Mrs. N. C. Miller, it is abstract, it being admitted by her that she was in possession. If it is intended to apply only to S. J. and Polk Miller, then it is misleading. The disclaimers of S. J. and Polk Miller only affect the judgment as to costs against them and the plea of the general issue by N. C. Miller admits possession as against her. Jordan v. Appleton, 209 Ala. 290, 96 So. 195.

Refused charge 8 is misleading.

Refused charge 10 was without injury to this defendant. The verdict of the jury rendered harmless any possible error.

We find no reversible error in the record and the judgment is affirmed.

Affirmed.

### On Rehearing.

In the. original opinion we said that refused charge 8 was covered by the court in his oral charge. In this perhaps we were wrong and we have now amended the opinion so as to· hold that the charge is bad for being misleading. It is true that the burden is always on the plaintiff to make out his case, but there are burdens also resting on the defendant. In this case the claim of Mrs. Miller was assailed on the ground of fraud, and, when the plaintiff had made out. her case by evidence tending to prove her

mortgages and the possession and title in the two Millers at the time of the mortgage and at the time of the bringing of this suit, the burden shifted to the intervener to show by clear and satisfactory proof that the transaction by which she claimed title was characterized by good faith. Teague v. Bass, 131 Ala. 422, 31 So. 4. Where the parties to the transaction by and through which intervener obtained her title are related to each other as in this case, this fact in connection with other facts may be sufficient to raise a presumption of fraud and shift the burden of proof to the intervener to show good faith on her part. 27 Corpus Juris 791 (717) (b). The bold statement, therefore, in a charge that the burden of proof is on the plaintiff, without any qualifications, becomes misleading and is properly refused.

Opinion extended and application overruled.