84 So.2d 337

**Edna L. EVANS**

v.

**Maurice F. EVANS, Jr.**

6 Div. 934.

Supreme Court of Alabama.

Dec. 22, 1955.

Abercrombie & Weeks, Birmingham, for appellant.

Hogan & Calloway, Birmingham, for appellee.

STAKELY, Justice.

**4**

This is an appeal from a decree modifying a divorce decree as to the support and maintenance provisions thereof and refusing to hold the appellee in contempt for failure to pay alleged unpaid installments due for such maintenance and support.

On September 17, 1943, Edna L. Evans (appellant) filed her bill for divorce against Maurice F. Evans (appellee). On May 18, 1944, the court entered a final decree dissolving the bonds of matrimony theretofore existing between Edna L. Evans and Maurice F. Evans. In the decree the court granted the care, custody and control of the minor children, Patricia Ann Evans and John Franklin Evans, to the mother Edna L. Evans. The court further ordered Maurice F. Evans to pay the complainant the sum of $100 each month for the support and maintenance of herself and of the children payable semi-monthly in installments of $50 each on the 12th and 27th days of each month, the first payment to be made on September 27, 1943.

On June 30, 1955, Maurice F. Evans filed a petition seeking to modify the provisions for support and maintenance contained in the divorce decree, alleging substantial changes regarding the station in life, earnings and earning capacities, prospective earnings and general financial abilities of the parties to the decree, the details being alleged in substance as follows. Maurice F. Evans has remarried and is now residing in Jackson, Mississippi, with his present wife. By his present marriage he is the father of two children, Sandra Kay Evans and Jeanine Clair Evans, who together with his present wife are solely dependent on petitioner for their support and maintenance. The birth of a third child is expected in the early part of August, 1955.

At the time of the original divorce decree of May 18, 1944, petitioner was earning in the neighborhood of $350 per month and his ex-wife Edna Evans and the children of his former marriage, John Franklin Evans and Patricia Ann Evans, were then his sole dependents. In October, 1949, petitioner was earning in the neighborhood of $700 per month and agreed to increase the amount payable monthly for the support and maintenance of the children of the former marriage to the sum of $120 per month.

In 1952 and 1953 the earnings of petitioner were greatly decreased due to a financial set back and a change in employment. Throughout 1954 his average earnings were approximately $284 per month and in 1955 his earnings averaged only a fraction above that amount monthly.

Because of the illness of his present wife and children and because of the increase in the cost of support and maintenance of the present wife and children and because of his earnings as compared with expenditures, necessary to support and maintain his present wife and children, petitioner is unable to maintain payments due his ex-wife Edna L. Evans for support and maintenance of the children of the former marriage with the sum of $120 per month nor the sum of $100 per month.

Petitioner is deeply in debt and his great financial obligations are such that he cannot adequately maintain and support his present wife and children and continue to pay his ex-wife Edna L. Evans support and maintenance for the children of the former marriage.

Edna L. Evans has brought action against petitioner in Jackson, Mississippi, and threatens to garnishee his wages and otherwise cripple and impair the earning capacity of petitioner. Furthermore Edna L. Evans is at present earning an amount which with a small substantially reduced support and maintenance by the petitioner will adequately support and maintain the children of the former marriage.

There was a demurrer to the foregoing petition, which, according to the record, was not acted upon by the court.

On July 12, 1955, a petition for a rule nisi was filed by Edna L. Evans in which it is alleged that Maurice F. Evans is in arrears in his payments to Edna L. Evans to the extent of $1,850 and that he has willfully failed to pay this sum as he was ordered to do by the court though he is able to

do so. The petitioner prays the court to make an order requiring Maurice Evans to show cause as to why he should not be adjudged guilty of contempt of court for failure to obey the order of the court requiring him to pay the amount provided for by the original decree.

Upon presentation of the verified petition of Edna L. Evans for a rule nisi for failure to comply with the decree rendered May 18, 1944, the court issued a rule nisi to Maurice F. Evans commanding him to appear before the court and show cause if he has any why the petition should not be granted and he be adjudged in contempt of court.

On May 23, 1954, Edna L. Evans filed a petition in the Circuit Court of the Tenth Judicial Circuit of Alabama, wherein the aforesaid divorce decree was rendered, alleging in substance the marriage and divorce to which reference has already been made and the decree for maintenance and support of the children of the former marriage to which reference has also been made, and further alleging that the children reside with the petitioner Edna L. Evans and are persons to whom a duty of support is owed, and that this duty has been imposed by Act No. 879 of the Legislature of 1951, Acts of 1951, p. 1515 as amended by Act No. 824, Acts of 1953, p. 1110, this petition further alleging that Maurice F. Evans has failed, neglected and refused to provide support to petitioner and the aforesaid minor children in accordance with their needs and that such failure, neglect and refusal has continued for a long period of time and since the month of December, 1953, Maurice F. Evans has not contributed to the support of petitioner and the minor children.

The prayer of the petition is that the court will find that respondent owes a duty of support to petitioner and the minor children and that a court of the State of Georgia may obtain jurisdiction of respondent and his property. It is further prayed that the court will cause a certified copy of this petition and an authenticated copy of the aforesaid Acts to be transmitted to the proper district court in Atlanta, Milton County, Georgia.

On March 26, 1954, the Circuit Court of the Tenth Judicial Circuit of Alabama certified that the petition of Edna L. Evans shows that Maurice F. Evans owes a duty of support to Patricia Ann Evans and John Franklin Evans, now in the custody of Edna L. Evans, and further certified that the petition sets forth facts showing that a District Court of Georgia, sitting in Atlanta, in the County of Fulton, Georgia, may obtain jurisdiction of Maurice F. Evans or his property and further that Maurice F. Evans, without just cause or legal excuse, failed to provide support for petitioner and the aforesaid minor children as required by the law and statutes of the State of Alabama, and further that Maurice F. Evans has paid $51.50 for the support of the aforesaid minor children since December 1953.

On November 17, 1954, there was a further order of the Circuit Court of the Tenth Judicial Circuit of Alabama, which decree ordered that the cause be and is hereby transferred to "Disposed of Docket of the Court" without prejudice and that the costs are taxed against respondent for the collection of which "let execution issue."

On July 19, 1955, the present cause was submitted for final decree upon the petition of Maurice F. Evans to modify the final decree of divorce heretofore rendered in the cause and upon the petition for rule nisi of Edna L. Evans and the rule nisi issued as prayed for in the petition. The court in its decree adjudged as follows. (1) That causes No. 57931 and 93982 are hereby consolidated (Cause No. 57931 is the cause in which the original decree of divorce was rendered and in which the petition for modification of the provisions for support and maintenance was filed, and Cause No. 93982 is the petition of Edna L. Evans filed under the aforesaid statutes of the State of Alabama in connection with the failure of Maurice F. Evans to contribute to the maintenance and support of petitioner and the minor children). (2) The court denied the petition of Edna L. Evans for the rule nisi and discharged the respondent. (3) The court found that the arrearage in payments of support and maintenance to the complainant Edna L. Evans amounted to the

sum of $580. The court further provided that the foregoing amount shall be paid to Edna L. Evans at the rate of $10 per month, $5 on the first and 15th of each month hereafter until the aforesaid sum of $580 has been liquidated. (4) The court further found that in lieu of the sum for support and maintenance heretofore ordered, the respondent shall pay to the complainant the sum of $25 on the first and 15th of each month thereafter, making a total of $60 each month, payable $30 on the first and fifteenth days of each month, effective for July, 1955. (5) The respondent was ordered to pay the complainant for her solicitor of record the sum of $100 for defending against the petition of Maurice F. Evans. (6) The costs were taxed against the respondent "for which let execution issue."

■ At the outset we call attention to the fact that while testimony was heard orally before the court on the petition for modification to which we have referred, the testimony is not contained in the present record. The result is that the facts as found by the court will be taken as true. Only such facts and those which are admitted in the pleadings can be considered. Edge v. Bice, Ala., 82 So.2d 252.[1] For cases considering an analogous situation where the case was tried on the law side of the docket see Chapman v. State, 249 Ala. 30, 29 So.2d 286, and Central of Georgia Railway Co. v. Hinson, 262 Ala. 223, 78 So. 2d 286.

■ I. According to the record there was no ruling by the court on the demurrers of the appellant to the petition to modify. There was no error in this regard. This court has held that unless a party secures a ruling on a demurrer, it will be presumed on appeal that the demurrer was withdrawn or abandoned. McNeil v. State, 71 Ala. 71; Alabama National Bank v. Hunt, 125 Ala. 512, 28 So. 488; Newman v. Borden, 239 Ala. 387, 194 So. 836.

■ II. The court ordered that the petition for rule nisi be denied and discharged the respondent. The record fails to show an answer to the writ by Maurice F. Evans. We have often held that in proceedings involving the custody of children or their support and maintenance, we will not be governed by legal niceties in pleading. Since we do not find in the record any objection to the procedure here taken, we find no reversible error in this regard. Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212; Brown v. Jenks, 247 Ala. 596, 25 So.2d 439; Rushing v. Rushing, 258 Ala. 390, 63 So.2d 560. Furthermore the court had jurisdiction of the subject matter and the parties before it and accordingly the want of pleading may be waived and the party against whom the decree is adverse cannot be later heard to complain that there was no issue arrived upon in the case as such objection was waived by the party's introduction of evidence. Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650; Manufacturers' Finance Acceptance Corporation v. Autrey, 228 Ala. 149, 153 So. 181; Miller v. Bryant, 25 Ala.App. 564, 151 So. 362.

■ III. It is argued that the court was in error in consolidating case No. 57931 with case No. 95382. There was no objection in the lower court to this procedure. We find no error in this respect. Courts of equity have the inherent power to consolidate suits and hear them at the same time. This is so because the court has general power to take reasonable action for the transaction of and regulation of its business. Such a matter rests within the sound discretion of the court. Hagan v. Riddle, 209 Ala. 606, 96 So. 863; Ex parte Brown, 58 Ala. 536; § 259, Title 7, Code of 1940. We call attention to the fact as shown by the record, that the proceedings brought by appellant under the reciprocal support act to which we have referred, had been transferred to "the disposed of docket" without prejudice. We can see no injury to the appellant from the action of the court in consolidating the two cases. It seems to us that the court had the right to make this consolidation in the interest of uniformity and in order to

1. 263 Ala. 273.

clarify the situation as to the disposition of case No. 93982 when it consolidated that case with the case in which the decree of modification was made.

■ IV. As to the modification of the original decree for maintenance and support, we have before us only the petition for modification and the court's decree thereon. We do not have the evidence on which the court acted in rendering its decree. According to the petition for modification, since the original divorce decree, Maurice F. Evans is living in another state with his present wife. By his present marriage he is the father of two children who together with his wife are solely dependent upon him for their support and maintenance. In addition a third child is expected who will, of course, be dependent upon the father for support. At the time of the original decree of divorce Maurice F. Evans was earning in the neighborhood of $350 per month. He increased the allowance of $100 per month to $120 per month when his earnings reached the amount of $700 per month. Conditions began to get worse in 1952 and so continued in 1953, 1954 and 1955. With loss of his job he was forced to accept another job paying considerably less money in an attempt to support his present family and continue to make payments to his former wife. In 1954 his average earnings were $284 per month and in 1955 only a fraction above that amount. His present wife became ill and he became deeply in debt. We think it is apparent that Maurice Evans simply did not have the money to support his present family and continue the support of his ex-wife and his former children as provided in the original decree. We want to make it clear that the fact that the husband has remarried, thereby increasing his expenses, is not within itself such a change in the condition of the parties as to justify a modification of the original decree for support and maintenance. It is equally true, however, that the fact that a divorced husband has remarried is a circumstance that may be considered along with other circumstances in weighing the equities of the case, where he requests the court to reduce support and maintenance payable to minor children. Stewart v. Stewart, 261 Ala. 374, 74 So.2d 423; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89.

■ When the entire situation is considered, it seems to us that the changes in circumstances are substantial and the court had the right in its discretion to modify the decree. We indulge the presumption, in the absence of any evidence in the record, that the evidence supported the decree of the court. McPherson v. Hood, 191 Ala. 146, 67 So. 994. We certainly are not able to say that the decree of the court which was based on evidence heard orally before the court was palpably wrong.

There was no effort in the decree of the court to abate amounts already due by Maurice Evans to his former wife Edna L. Evans. The court simply found that the amount in arrears aggregated $580 and proceeded after hearing the modification petition to provide additional time and method of payment for the accrued installments in arrears as the court had a right to do. Armstrong v. Green, 260 Ala. 39, 68 So.2d 834. The court then proceeded, as it had a right to do, to reduce the amount of future payments in keeping with the financial ability of Maurice Evans.

■ It is true that Maurice Evans failed to pay a part of the accrued installments provided for in the original decree of divorce. The court, however, found that he was not guilty of contempt as he was unable to pay, as shown by the evidence. There is no doubt that inability to pay is a defense for failure to comply with the decree providing for payment. Ex parte Stephenson, 34 Ala.App. 1, 40 So.2d 713; Ex parte Gunnels, 25 Ala.App. 577, 151 So. 605; Robertson v. State, 20 Ala. App. 514, 104 So. 561; Adair Bros. Co. v. Gilmore, 106 Ala. 436, 17 So. 544; Webb v. Webb, 140 Ala. 262, 37 So. 96; 12 Am. Jur. pp. 437–439.

8

We have carefully considered the record before us which, as we said at the outset, contains no evidence and on the record before us find that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., concurs.

LAWSON and MERRILL, JJ., concur in the result.