This case is here upon this Court's granting a petition for writ of certiorari to the Court of Criminal Appeals because that Court denied a petition for writ of habeas corpus filed there on Friday, April 25, 1980.* The Court scheduled a hearing on the petition for habeas corpus for Saturday, April 26, and on that day denied the petition. On Wednesday, April 30, Capps filed simultaneously in this Court a petition for habeas corpus and a petition for writ of certiorari to the Court of Criminal Appeals of Alabama. In May, this Court granted the petition for habeas corpus, and issued the writ. On September 17, this Court granted petitioner's petition for writ of certiorari to the Court of Criminal Appeals of Alabama. *Page 71 
The original petition for habeas corpus arose from these facts and circumstances. On March 4, 1980, Capps received a grand jury subpoena duces tecum commanding him to deliver certain of his bail bond company's business records, including "receipt books, cash or otherwise." Capps did, indeed, produce certain of the records to the District Attorney on March 12. The District Attorney held that they were incomplete, and totally failed to comply with the subpoena. On April 7, he filed a motion to show cause why Capps should not be held in contempt for not complying with the subpoena. A hearing was held on this motion on April 24 in Circuit Judge Norton's court.
At the conclusion of the hearing, Judge Norton issued an oral order from the bench as follows:
 That this subpoena was properly issued and the measure of damage in this case is the measure that applies in civil cases * * I think by a preponderance of the evidence that I have heard there has not been a compliance with the subpoena that was issued in this case. * * * [I]t is the order of the Court at this time that Mr. Capps be placed in the Dallas County Jail and remain there for an indeterminate period of time. * * * Mr. Capps leaves here with the keys in his pockets. When he complies with the requirements of that subpoena and when this Court is satisfied he has complied and in that manner purges himself of contempt, then he will be ordered released.
Following this order, and a written order to confine Capps for a time not to exceed six months, he filed his petition for habeas corpus in the Court of Criminal Appeals and in this Court. That Court denied the petition. We granted, and Capps after release on bail subsequently filed his petition for writ of certiorari to the Court of Criminal Appeals.
The first issue is this Court's scope of review. In Ex parteNAACP, 265 Ala. 349, 91 So.2d 214 (1956), this Court held,
 On the petition for certiorari the sole and only reviewable order or decree is that which adjudges the petitioner to be in contempt. Certiorari cannot be made a substitute for an appeal or other method of review. Certiorari lies to review an order or judgment of contempt for the reason that there is no other method of review in such a case. Ex parte Dickens, 162 Ala. 272, 50 So. 218, 220. Review on certiorari is limited to those questions of law which go to the validity of the order or judgment of contempt, among which are the jurisdiction of the court, its authority to make the decree or order, violation of which resulted in the judgment of contempt. It is only where the court lacked jurisdiction of the proceeding, or where on the face of it the order disobeyed was void, or where procedural requirements with respect to citation for contempt and the like were not observed, or where the fact of contempt is not sustained, that the order or judgment will be quashed.
The second, and principal, issue here is whether the "fact of contempt is not sustained." Our review of the evidence is that the trial judge was justified in finding Capps in contempt of the grand jury by failing to comply with the subpoena.
The State presented evidence that showed that Capps did at least $22,000.00 of business during the period covered by the subpoena, yet he produced receipts of only $3,780.25. To the contrary, Capps testified at the hearing on the motion, and by affidavit, that he had given the grand jury all the records in his care, custody or control. After personally studying the documentary evidence, the judge concluded that Capps had not obeyed the subpoena, by failing to produce all receipts relating to his bail bond business.
In its final analysis, this case presents, principally, an evidentiary question. We agree with Capps when he states in brief that the inability of one to purge himself of contempt bars a jail confinement. But, proving inability is a defensive matter, the burden of which rests on the contemnor. Cf. Evansv. Evans, 264 Ala. 2, 84 So.2d 337 (1955). We opine that Capps could have offered more evidence in his *Page 72 
behalf than just a statement effectively stating, "You have all the records that I can produce." The discrepancy in the amounts of $22,000.00 receipts shown by the State, and $3,780.25 shown by Capps, apparently convinced the judge that there was more there than met the eye.
The decision of the Court of Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON EMBRY, JJ., concur.
* Reporter's note: All orders of the Court of Criminal Appeals referred to herein were without opinions.